IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN BAKER, a Washington resident, <br><br> Plaintiff, <br><br> vs. <br><br> WILLOWS HEALTH HOLDINGS LLC, a Nevada limited liability company, <br><br> Defendant. | NO. <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

COMES NOW, Plaintiff, Brian Baker, by and through his attorneys Conrad A. Reynoldson and Felicity Chamberlain of Washington Civil & Disability Advocate, for his Complaint for Declaratory and Injunctive Relief to state and allege as follows:

### I.  OVERVIEW

1. The Americans with Disabilities Act and the Washington Law Against Discrimination require places of public accommodation to be accessible to people with disabilities.

2. Redmond Heights Senior Living is a place of public accommodation within the

Complaint for Declaratory and Injunctive Relief
**Page 1 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 402-5846

1 meaning of Title III of the ADA, 42 U.S.C. §12181(7), and its implementing regulation, 28 C.F.R. §36.104.

3. Over 27 years after the passage of the Americans with Disabilities Act (the "ADA"), Defendant discriminates against individuals with disabilities because Defendant leases or operates a property as a place of public accommodation that does not comply with the ADA accessibility laws and regulations, enacted into law to protect persons with mobility disabilities.

4. Therefore, Plaintiff brings this action to end the civil rights violations at a place of public accommodation by Defendant Willows Health Holdings LLC against persons with mobility disabilities.

## II.   PARTIES

5. Plaintiff Brian Baker is a Washington resident and resides in this district.

6. Mr. Baker is unable to walk and uses a wheelchair and modified vehicle for transportation and requires accessible parking to visit a resident at Defendant's property at 7950 Willows Rd. in Redmond, Washington.

7. Defendant Willows Health Holdings LLC is a Nevada limited liability company with a registered agent at 711 Capitol Way S, Ste 204, Olympia, WA 98501.

## III.   JURISDICTION AND VENUE

8. This court has jurisdiction pursuant to 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

9. This court has jurisdiction pursuant to 28 U.S.C. §1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

Complaint for Declaratory and Injunctive Relief
**Page 2 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 402-5846

10. This court has jurisdiction pursuant to 28 U.S.C. §1367, which gives district courts supplemental jurisdiction over state law claims.

11. Venue is appropriate in this judicial district under 28 U.S.C. §1391 because the practices and procedures that gave rise to the Plaintiff's Complaint for Injunctive Relief and Damages occur in this district.

### IV.   FACTUAL ALLEGATIONS

12. The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability."

13. The ADA prohibits places of public accommodation from providing individuals with disabilities with separate or unequal benefits and services.

14. Defendant's property is one example of countless places of public accommodation that are difficult or dangerous to access due to substantial and numerous compliance issues with the ADA.

**Plaintiff**

15. Mr. Baker is a Redmond, Washington resident.

16. Mr. Baker is unable to walk and is thus a qualified person with a disability within the meaning of Title III of the ADA and the Washington Law Against Discrimination.

17. Mr. Baker travels throughout the Greater Redmond Area on a regular basis.

18. Mr. Baker recently patronized the property in question on several occasions in 2018 and 2019.

19. Mr. Baker most recently patronized the property in January, 2019.

20. Mr. Baker plans to return to the property in question once the accessibility

Complaint for Declaratory and Injunctive Relief
**Page 3 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 402-5846

1  barriers are addressed.

## Defendant's Property

21. Mr. Baker patronized the Redmond Heights Senior Living on Defendant's property located at 7950 Willows Rd., Redmond, WA 98052.

22. Mr. Baker used his wheelchair and a modified vehicle, albeit at personal risk due to existing accessibility barriers.

23. Mr. Baker does not feel safe accessing the property as is due to the current accessibility barriers.

24. Defendant's property does not comply with the ADA's accessibility laws and regulations under either the 1991 ADA Standards for Accessible Design (1991 Standards) 2010 ADA Standards for Accessible Design (2010 Standards).

25. At Defendant's parking lot at 7950 Willows Rd., in Redmond, Washington there are two accessible parking spaces and both parking spaces do not comply with the 1991 Standards or the 2010 Standards for size, designation, or signage.

26. Under both the 2010 ADA Standards and the 1991 ADA Standards, Defendant must provide at least one van-accessible space. In violation of the ADA, Defendant has failed to designate one appropriately sized and marked van-accessible space.

27. Mr. Baker requires a compliant accessible parking spot and a compliant accessible route in order to safely patronize the tenant of Defendant's property using his modified vehicle and wheelchair.

28. Prior to contacting an attorney, Mr. Baker informed Redmond Heights Senior Living of the non-compliant parking, but no changes were made to the property.

29. Mr. Baker's attorney, Felicity Chamberlain of Washington Civil & Disability

Complaint for Declaratory and Injunctive Relief
**Page 4 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 402-5846

Advocate, provided additional voluntary pre-litigation notice and an opportunity to settle this matter without a lawsuit by letter dated February 12, 2019.

30. As of the filing of this complaint, Defendant did not respond.

31. As of the filing of this complaint no alterations have been made to address these accessibility barriers.

32. Defendant's property is not safe or welcoming for people who use wheelchairs because it does not comply with the ADA's accessibility laws and regulations.

33. The failure of Defendant to make the property comply with the ADA's accessibility laws and regulations works to exclude people with disabilities from equal access and enjoyment.

### V.   FIRST CAUSE OF ACTION
### Title III of the Americans with Disabilities Act of 1990
### 42 U.S.C. § 12101 *et seq.*

34. Mr. Baker incorporates by reference each and every allegation in the paragraphs above.

35. Mr. Baker is unable to walk and is thus a qualified individual with a disability within the meaning of Title III of the ADA.

36. Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

37. Defendant, Willows Health Holdings LLC, owns or leases the property where

Complaint for Declaratory and Injunctive Relief
**Page 5 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 402-5846

1  Redmond Heights Senior Living is located.

2  38.  Redmond Heights Senior Living is a place of public accommodation. 42 U.S.C. §
3  12181(7).

4  39.  Defendant has discriminated against Plaintiff on the basis of his disability.

5  40.  Defendant's discriminatory conduct includes but is not limited to:

6  a.  Discriminatory exclusion and/or denial of goods, services, facilities,
7  privileges, advantages, accommodations, and/or opportunities;

8  b.  Provision of goods, services, facilities, privileges, advantages, and/or
9  accommodations that are not equal to those afforded non-disabled individuals;

10  c.  Failing to make reasonable modifications in policies, practices, and/or
11  procedures as necessary to afford the goods, services, facilities, privileges, advantages,
12  and/or accommodations to individuals with disabilities;

13  d.  Failing to make alterations in such a manner that, to the maximum extent
14  feasible, the altered portions are readily accessible to and usable by individuals with
15  disabilities, including individuals who use wheelchairs;

16  e.  Failing to remove barriers to individuals with disabilities where it would
17  be readily achievable to do so.

18  41.  As such, Defendant discriminates and, in the absence of the injunction requested
19  herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the
20  full and equal enjoyment of the goods, services, facilities, privileges, advantages,
21  accommodations and/or opportunities at Defendant's property in violation of Title III of the
22  Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.
23  42.  Defendant's discriminatory conduct as alleged in this Complaint for Declaratory

Complaint for Declaratory and Injunctive Relief
**Page 6 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 402-5846

1    and Injunctive Relief has harmed Mr. Baker, and the harm continues.

2        43.    Defendant's discriminatory conduct as alleged in this Complaint for Declaratory

3    and Injunctive Relief entitles Mr. Baker to declaratory and injunctive relief. 42 U.S.C. § 12188.

4        44.    Defendant's discriminatory conduct as alleged in this Complaint for Declaratory

5    and Injunctive Relief entitles Mr. Baker to recover reasonable attorneys' fees and costs incurred

6    in bringing this action. 42 U.S.C. § 12205.

## VI.    SECOND CAUSE OF ACTION
### Violation of the Washington Law Against Discrimination
### (R.C.W. §§ 49.60.010 et seq.)

10       45.    Mr. Baker incorporates by reference the allegations in the paragraphs above.

11       46.    Mr. Baker is a qualified individual with a disability within the meaning of the

12   Washington Law Against Discrimination.

13       47.    Section 49.60.030(1) of the Revised Code of Washington provides in pertinent

14   part: "The right to be free from discrimination because of . . . the presence of any sensory,

15   mental, or physical disability . . . is recognized as and declared to be a civil right.  This right shall

16   include, but not be limited to: . . . (b) The right to the full enjoyment of any of the

17   accommodations, advantages, facilities, or privileges of any place of public resort,

18   accommodation, assemblage, or amusement . . . ."

19       48.    Defendant, Willows Health Holdings LLC, owns or leases the property where

20   Redmond Heights Senior Living is located.

21       49.    Defendant has violated and continues to violate §§ 49.60.010 *et seq.* of the

22   Revised Code of Washington by failing to meet multiple accessibility requirements under the

23   ADA.

Complaint for Declaratory and Injunctive Relief
**Page 7 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 402-5846

50. Defendant's actions constitute discrimination against persons with disabilities and violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010 et seq., in that persons with mobility disabilities have been and are denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides to individuals who do not have disabilities.

51. As a direct and proximate result of Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief, Mr. Baker has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate.

52. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has denied Mr. Baker the full and equal enjoyment of services that the Washington Law Against Discrimination requires.

53. Mr. Baker has a clear legal right to access the business at Defendant's property under the Washington Law Against Discrimination.

54. Mr. Baker has the right for Defendant's property to comply with the ADA's accessibility laws and regulations under the Washington Law Against Discrimination.

55. Defendant's property does not comply with the ADA's accessibility laws and regulations.

56. Because Defendant's property does not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

57. Pursuant to RCW § 49.60.030(2), Mr. Baker is entitled to declaratory and injunctive relief and to recover from Defendant his reasonable attorneys' fees and costs incurred in bringing this action.

Complaint for Declaratory and Injunctive Relief
**Page 8 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 402-5846

## VII.   PRAYER FOR RELIEF

WHEREFORE, Mr. Baker respectfully requests that this Court:

1. Assume jurisdiction over this action;

2. Find and declare Defendant Willows Health Holdings LLC to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because Defendant's property does not comply with the ADA's accessibility laws and regulations;

3. Issue a permanent injunction ordering Defendant to immediately implement the necessary improvements to bring the Defendant's property into compliance with the ADA's accessibility laws and regulations;

4. Award Mr. Baker reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 12205 and Wash. Rev. Code § 49.60.030(2);

5. Award actual, compensatory, and/or statutory damages to Mr. Baker for violations of his civil rights as allowed under state and federal law;

6. Award such additional or alternative relief as may be just, proper and equitable.

Complaint for Declaratory and Injunctive Relief
**Page 9 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 402-5846

1  DATED THIS 8th day of March, 2019

2

3  WASHINGTON CIVIL & DISABILITY ADVOCATE
   Attorneys for Plaintiff

4

5  /S/ FELICITY CHAMBERLAIN                /S/ CONRAD REYNOLDSON
   Felicity Chamberlain                    Conrad Reynoldson
   WSBA# 51923                             WSBA# 48187
6  3513 NE 45th Street, Suite G            3513 NE 45th Street, Suite G
   Seattle, WA 98105                       Seattle, WA 98105
7  (206) 428-3558                          (206) 428-3558
   Chamberlain@wacda.com                   conrad@wacda.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Complaint for Declaratory and Injunctive Relief
**Page 10 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 402-5846